**CITIES SERVICE OIL CO v SAUSE**

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 14, 1933

Manchester, Ford, Bennett & Powers, Youngstown, for plaintiff in error.

John Ruffalo, Youngstown, for defendant in error.

POLLOCK, J.

We will refer to these parties, plaintiff and defendant, as they appeared in the Court of Common Pleas.

The negligence complained of in the petition and on which the case was tried was in the defendant not giving plaintiff any notice or warning of the fact that said tank was practically empty of gasoline and contained a large quantity of heavy volatile gasoline of a highly explosive character which would be liable to explode at any moment and injure this plaintiff, and that the manhole in the large tank was open. As has been stated, the plaintiff on the call of this fire company went to the fire with the other members of the fire company under the direction and control of one Lloyd Meeker as captain. As the plaintiff in company with this fire company approached and entered on the premises the tanks above referred to were in plain view. There were some signs at least on the road from Poland Avenue to this plant indicating that it was a gasoline storage plant. The tanks and other surroundings would notify any one that such was the character of the plant and the large tanks at which the fire was then burning was in plain view of the plaintiff and the other members of the fire company as they entered on the premises. The size of a large tank at which or near which the fire was burning was such that would indicate to a person of ordinary knowledge of such plants that it was used for storage of gasoline and in fact a person approaching this plant should reason-

ably presume that these tanks were filled with gasoline, or each one of them might be so filled. It is common knowledge that gasoline will explode from fire with terrific force when confined and mixed with air.

The plaintiff in his evidence admitted that he knew it was dangerous to smoke around a gasoline station while gasoline was being poured because it would catch fire, and if gasoline was confined it would explode. In other words, the defendant in his evidence admits that gasoline would explode and might cause injury to any person near thereto. In fact, there is little or no dispute in the evidence but what a fireman going on these premises would be aware of the contents of these tanks, or many of them at least, and of the dangerous condition if a fire was started at or near the tanks. A fireman going upon the premises of another in the performance of his duties to extinguish fire, goes there under the direction of the person in charge of such fireman, and is under his control or direction and not under the control or direction of the owner of the property.

We then come to the question, what are the duties the owner of property owes to such fireman while on his premises? We call attention to the rules referred to in the annotations in 13 A.L.R., 638. The second proposition or general rule reads as follows:

"In the majority of jurisdictions the rule is well settled that, in the absence of a statute or municipal ordinance, a member of a public fire department, who, in an emergency, enters on premises in the discharge of his duty, is a mere licensee, under a commission to enter given by law, to whom the owner or occupant owes no greater duty than to refrain from the infliction of wilful or intentional injury."

This is sustained by citations of authorities in a number of states of this country. Under this rule, which was the rule in most cases, where a fireman goes upon the premises of another in the discharge of his duties, the owner is only to refrain from inflicting wilful or intentional injuries, but we think there are occasions when the owner owes a greater duty at least under the decisions in this state. It was held by this court in the case of **Mason Tire & Rubber Company v Lansinger, 15 Oh Ap, 310**, as follows:

"If there is a substance stored upon the premises, which it is reasonable to presume will become dangerous to such fireman, as the fire progresses, it is the owner's duty to give warning of such danger, if this condition is known to him and he is present at the fire.

A failure to give such warning will render the owner of the property liable, in damages, for personal injury to a fireman caused by such danger, if the danger is unknown to the fireman and could not have been discovered by him with ordinary care under the then existing conditions."

The Supreme Court of this state in the case of **Hannan, Admr. v Ehrlich, 102 Oh St 178**, held as follows:

"A licensee takes his license subject to its attendant perils and risks, and the licensor owes him no duty except to refrain from wantonly or wilfully injuring him and to exercise ordinary care after discovering him to be in peril; he should not be exposed to hidden dangers, pitfalls or obstructions."

This case did not refer to a fireman on the premises in discharge of his duty but to a licensee. The rule of law governing a licensee and fireman are substantially the same. The plaintiff in this case relies very much upon the case of the Tire & Rubber Company v Lansinger, supra, and claims the conditions were the same. In that case it appears that the plaintiff in error was engaged in the manufacture of rubber products. There was on its property near where the fire was burning a brick building entirely closed except a metal door. This building contained a tank of benzol. There was no evidence that the firemen who entered upon the premises to put out this fire had any knowledge that there was an explosive product near the fire, did not know that the manufacture of such products as the plaintiff in error was engaged in manufacturing required benzol or any other inflammable or explosive product, did not know that this building contained a tank filled with benzol. This was known to the official present and he also knew that benzol would explode from excessive heat but failed to give any warning of the presence of this product or its dangerous character. This is quite a different case from the facts in this case. The surroundings and notices warn anyone approaching the defendant's plant that it was a gasoline station or plant, and ordinary judgment would inform such person that these tanks were probably filled with gasoline. It is common knowl-

edge and also known to the plaintiff that fire near such tanks is liable to cause an explosion, or at least frequently does cause serious explosions.

It is urged on the part of the plaintiff that he did not know of this opening or manhole in this tank, and there is no evidence that he himself did not have such notice, but it was known to the captain and other members of the fire department, but we do not think it makes any difference in this case whether the plaintiff had actual notice that this manhole was open or not.

"Firemen who enter a building in case of fire are licensees merely and the owner is not liable for their injury by reason of any defect or any unguarded pitfalls or other dangers."

Cooley on Torts, 3 Ed., page 1268.

To the same effect is Lunt v Post Printing & Publishing Company, 30 L.R.A., N.S., 60.

This plaintiff when he went on these premises in the discharge of his duty took the premises in the condition in which he found them and the owner of the property was not liable for the condition even if it was in that condition from his negligent act, unless it was a hidden or unknown danger which the owner knew but which the firemen would not know in the exercise of ordinary care. We think there is no evidence in this case sustaining the verdict returned by the jury and that the court below was in error in not sustaining the motion to direct a verdict for the defendant at the close of all the evidence.

The judgment is reversed and final judgment entered in favor of the plaintiff in error. Exceptions noted.

FARR and ROBERTS, JJ, concur in the judgment.